IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,605-01 and 02






EX PARTE CHRISTOPHER MICHAEL COBOS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. C-37,580-01-A and C-37,581-A IN THE 244th DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving
while intoxicated and criminal mischief and sentenced to four years' imprisonment and two years
imprisonment in a state jail facility, respectively. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file notices of appeal in these cases. The trial court, based upon an affidavit obtained from
counsel, recommends that relief be denied. However, the affidavit included in the record does not
adequately address the claim raised by the Applicant. 

 In his affidavit, counsel claims that he informed Applicant of the time limits involved in
filing notices of appeal. However, the exhibit he includes in support of this statement does not set
out the time limits for filing any notice of appeal, only for filing a pro se petition for discretionary
review. (1) Furthermore, counsel's affidavit does not address the validity of Applicant's claim that he
timely notified counsel of his desire to appeal these convictions. And, if he was so notified, why
counsel did not timely file pro se notices of appeal on Applicant's behalf along with a motion to
withdraw and a request for the appointment of appellate counsel. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. The trial court shall order counsel to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to meaningful appeals because Applicant's counsel failed to timely file notices
of appeal. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 

Filed: March 27, 2013

Do not publish

1. Counsel's exhibit is a copy of the "Trial Court's Certification of Defendant's Right of
Appeal."